UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JOHN FITZGERALD VEACH                                               PLAINTIFF

v.                                              CIVIL ACTION NO. 4:17CV-P78-JHM

HENDERSON CTY. DETENTION CENTER *et al.*                 DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff John Fitzgerald Veach filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

**I.**

Plaintiff states that he is a convicted inmate at the Henderson County Detention Center (HCDC). He sues HCDC and two HCDC personnel, Lt. Wilborn and Deputy Prince, in their individual capacities.

As his statement of the claim, Plaintiff states that he has a constitutional right to his religious beliefs. He maintains that Defendants Wilborn and Prince "refused me my reliogne believes by not giving me my Jewish tray on June, 2, 2017 at 11:30 am . . . ." He states that he told Defendants Wilborn and Prince that this action violated his constitutional rights.

As relief, Plaintiff seeks compensatory damages and requests to be moved to another prison.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The First Amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The First Amendment protects an inmate's right to freely exercise his or her religion. To state a § 1983 First Amendment free-exercise claim, a plaintiff must show that the prison's actions "substantially burdened his sincerely-held religious beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citing *Boles v. Neet*, 486 F.3d 1177,1182 (10th Cir. 2002); *see also Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) ("The prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs."). A one-time interference with the free exercise of religion is not sufficient to give rise to a constitutional violation. *See Talley v. Womack*, No. 1:12CV-P208-M, 2013 U.S. Dist. LEXIS 67442, at *5 (W.D. Ky. May 13, 2013); *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 U.S. Dist. LEXIS 28027, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is de minimis and does not constitute a 'substantial burden.'"); *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (finding that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion"). Likewise, a single incident of missing a meal is not sufficient to state a constitutional violation. *Shakur Ali Abdullah Al-Amin v. TDOC Comm'r*, No. 3:12-cv-249, 2012

U.S. Dist. LEXIS 51442, at *13 (M.D. Tenn. April 11, 2012) ("[C]ourts have denied claims that missing a single meal violates the free exercise of religion.") (citing *Bell v. Dretke*, No. G-04-530, 2006 U.S. Dist. LEXIS 89380, at *2 (S.D. Tex. Nov. 21, 2006)); *see also White v. Glantz*, No. 92-5169, 1993 U.S. App. LEXIS 4189, at *4 (10th Cir. Feb. 25, 1993) (single instance of not receiving religious-appropriate meal did not violate the First Amendment); *Marr v. Case*, No. 1:07-cv-823, 2008 U.S. Dist. LEXIS 4427, at *16 (W.D. Mich. Jan.18, 2008) (missing a single meal does not rise to the level of a constitutional violation). Therefore, Plaintiff's allegation that he was denied a religious food tray on one occasion is not sufficient to state a violation of the First Amendment's Free Exercise Clause.

**IV.**

For the foregoing reasons, the Court finds that the complaint fails to state a claim upon which relief may be granted and will dismiss this action by separate Order.

Date: November 22, 2017

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4414.010